**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of __Delaware__
(State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Windhaven Top Insurance Holdings LLC

2. **All other names debtor used in the last 8 years**  
   None
   
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  
   8 3 – 2 0 6 5 3 3 1

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 3155 NW 77th Avenue | |
   | Number   Street | Number   Street |
   | | P.O. Box |
   | Miami    FL    33122 | |
   | City    State   ZIP Code | City    State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Miami-Dade | |
   | County | Number   Street |
   | | |
   | | City    State    ZIP Code |

5. **Debtor's website** (URL)   N/A

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor ___Windhaven Top Insurance Holdings LLC___  Case number (if known)_____
      Name

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
|   |   | ☐ Partnership (excluding LLP) |
|   |   | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5   2   4   2

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☒ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____ When _____ Case number _____
                                              MM / DD / YYYY
              District _____ When _____ Case number _____
                                              MM / DD / YYYY

Debtor  **Windhaven Top Insurance Holdings LLC**            Case number (*if known*)_____
      Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No          See attached<br>☒ Yes.  Debtor _____  Relationship _____<br>         District _____  When ___/___/_____ (MM/DD/YYYY)<br>         Case number, if known _____ |
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>  ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>  ☐ It needs to be physically secured or protected from the weather.<br>  ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>  ☐ Other _____<br><br>**Where is the property?** _____<br>                  Number   Street<br>             _____<br>             City                         State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>        Contact name _____<br>        Phone _____ |

### ■ Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☒ 1-49         ☐ 1,000-5,000       ☐ 25,001-50,000<br>☐ 50-99        ☐ 5,001-10,000      ☐ 50,001-100,000<br>☐ 100-199     ☐ 10,001-25,000     ☐ More than 100,000<br>☐ 200-999 |

Debtor __Windhaven Top Insurance Holdings LLC__   Case number (if known)_____
      Name

| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/05/2020__
             MM / DD / YYYY

✗ __/s/ Gregory J. Hoeg__        __Gregory J. Hoeg__
Signature of authorized representative of debtor        Printed name

Title __Chief Restructuring Officer__

**18. Signature of attorney**

✗ __/s/ Jody C. Barillare__     Date __03/05/2020__
Signature of attorney for debtor                                MM / DD / YYYY

**Jody C. Barillare**
Printed name
**Morgan, Lewis & Bockius LLP**
Firm name
**The Nemours Building, 1007 N. Orange Street, Suite 501**
Number    Street
**Wilmington**          **DE**    **19801**
City                  State    ZIP Code

**302.574.7294**       **jody.barillare@morganlewis.com**
Contact phone                  Email address

    **5107**               **Delaware**
Bar number                    State

**Schedule of Affiliate Cases to be Filed**

The following cases are being filed simultaneously:

1. Windhaven Underwriters, LLC
   3155 NW 77th Avenue
   Miami, FL 33122

   District:        United States Bankruptcy Court for the District of Delaware
   Relationship:  Affiliate
   Date:            March 5, 2020

2. Windhaven Select, LLC
   3155 NW 77th Avenue
   Miami, FL 33122

   District:        United States Bankruptcy Court for the District of Delaware
   Relationship:  Affiliate
   Date:            March 5, 2020

3. Windhaven Insurance Services, LLC
   3155 NW 77th Avenue
   Miami, FL 33122

   District:        United States Bankruptcy Court for the District of Delaware
   Relationship:  Affiliate
   Date:            March 5, 2020

**WHITED AND SONS, LLC**
**CLUTCH ANALYTICS, LLC**
**WINDHAVEN UNDERWRITERS, LLC**
**WINDHAVEN SELECT, LLC**
**CLUTCH WHOLESALE INSURANCE AGENCY, LLC**
**WINDHAVEN CLAIMS MANAGEMENT, LLC**
**WINDHAVEN INSURANCE SERVICES, LLC**
**THE HEARTH INSURANCE GROUP, LLC**
**WINDHAVEN TOP INSURANCE HOLDINGS LLC**
**WINDHAVEN NATIONAL HOLDING COMPANY**
**WINDHAVEN INSURANCE HOLDINGS CORPORATION**
(collectively, the "Companies")

**Action by Written Consent
of the
Sole Manager and Sole Director**

**March 3, 2020**

The undersigned, being the sole manager and the sole director, as applicable (the "Manager"), of the Companies, does hereby consent to, approve and adopt the following resolutions:

**WHEREAS**, Alvarez and Marsal ("A&M"), financial advisor to the Companies, and Gregory Hoeg, Chief Restructuring Officer of the Companies, and senior management have presented to the Manager and the Board of Directors (the "Board") of Whited and Sons, LLC ("W&S") the assets, liabilities, financial and operational condition of W&S and the remaining Companies, and W&S's and such Companies' business and prospects, and the Manager and the Board have reviewed and considered such information;

**WHEREAS**, the Manager and the Board have received, reviewed and considered the recommendations of A&M, senior management and the Companies' legal, financial and other advisors as to the relative risks and benefits of pursuing bankruptcy cases for the Companies under the provisions of Title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Board has recommended that W&S file a petition seeking relief under chapter 7 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, the Manager has considered available alternatives to liquidation and has determined, with the benefit of advice from the Companies' senior management, legal, financial and other advisors, that it is desirable and in the best interests of the Companies and their respective creditors, employees and other interested parties, that the Companies file petitions seeking relief under chapter 7 the Bankruptcy Code;

**WHEREAS**, the Manager has determined that it is desirable and in the best interests of the Companies to retain Morgan, Lewis & Bockius LLP, with offices at, among other places, 1007 N. Orange Street, Suite 501, Wilmington, Delaware, 19801, as bankruptcy counsel;

**NOW, THEREFORE, BE IT RESOLVED**, that the Companies shall be, and hereby are, authorized, empowered and directed to file a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED**, that the law firm of Morgan, Lewis & Bockius LLP, is hereby employed under an advance payment as bankruptcy counsel for the Companies; and it is further

**RESOLVED**, that the appointment of Gregory Hoeg as Chief Restructuring Officer of the Companies, with the power and authority to act in such capacity, as of November 25, 2019, is hereby confirmed; and it is further

**RESOLVED**, that Gregory Hoeg, Chief Restructuring Officer of the Companies, and Susan Wollenberg, Chief Financial Officer of W&S (together, the "Authorized Persons"), are each authorized, empowered and directed, on behalf of the Companies, to execute and verify a petition in the name of each of the Companies under Chapter 7 of the Bankruptcy Code (the "Petition") and to cause the Petition to be filed in the Bankruptcy Court at such time as such Authorized Person shall determine; and it is further

**RESOLVED**, that the Authorized Persons are each authorized, empowered and directed to (i) execute, verify and file or cause to be filed all necessary documents, including but not limited to all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers necessary, proper or desirable in connection with the foregoing; (ii) employ and retain all assistance by legal counsel, financial advisors, and/or other professionals; and (iii) take any and all other actions that such Authorized Person deems necessary, proper or desirable in connection with the Chapter 7 cases contemplated hereby, with a view to the successful prosecution of such cases; and it is further

**RESOLVED**, that any person dealing with the Authorized Persons in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of each Authorized Person and by such Authorized Person's execution of any instrument, certificate, notice or document, the same shall be a valid and binding obligation of each of the Companies enforceable in accordance with its terms; and it is further

**RESOLVED**, that each Authorized Person has the full authority to act on behalf of each of the Companies and pay all necessary and reasonable fees and expenses incurred in connection with the actions and transactions contemplated by these resolutions; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by each Authorized Person or any other officer of the Companies, in connection with the chapter 7 cases contemplated hereby, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

3

**RESOLVED**, that the resolutions adopted herein shall take effect immediately.

[*Signature Page Follows.*]

**IN WITNESS WHEREOF**, the undersigned has executed this Action by Written Consent as of the date first set forth above.

By: _____
Jimmy E. Whited

*[Signature Page to Action by Written Consent]*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Windhaven Top Insurance Holdings LLC,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 20-_____ |

**STATEMENT OF CORPORATE OWNERSHIP (RULE 7007.1)**

I, Gregory Hoeg, Chief Restructuring Officer of Windhaven Top Insurance Holdings LLC, hereby certify that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's (s') equity interests, or state that there are no entities to report under Federal Rule of Bankruptcy Procedure 7007.1:

    Whited and Sons, LLC
    3155 NW 77th Avenue
    Miami, FL 33122

Dated: March 3, 2020

                                                          By: _____
                                                               Gregory Hoeg
                                                               Chief Restructuring Officer

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Windhaven Top Insurance Holdings LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 20-_____ |
| In re:<br><br>Windhaven Insurance Services, LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 20-_____ |
| In re:<br><br>Windhaven Underwriters, LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 20-_____ |
| In re:<br><br>Windhaven Select, LLC,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 20-_____ |

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1.　　Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that my firm, Morgan, Lewis & Bockius LLP ("Morgan Lewis") is counsel to the above-captioned debtors (collectively, the "Debtors") and that compensation paid to Morgan Lewis within one year before

DB1/ 112744439.1

the filing of the petition in bankruptcy, or agreed to be paid to Morgan Lewis, for services rendered or to be rendered on behalf of the Debtors and their non-debtor affiliates[1] is as follows:

For legal services, Morgan Lewis has agreed to accept………..……………………..$100,000[2]

Prior to the filing of this statement, Morgan Lewis has received……………………...$1,250,000[3]

Balance Due……………………………………………………………………………...$0

2.      The source of the compensation paid to Morgan Lewis was Whited and Sons, LLC.

3.      Morgan Lewis has not agreed to share the above-disclosed compensation with any other person unless they are a partner, counsel, or associate of Morgan Lewis.

4.      In return for the above-disclosed fee, Morgan Lewis has agreed to pay the filing fees required to commence these bankruptcy cases and the cases of the Debtors' affiliates and has further agreed to render legal services relating to such bankruptcy cases, including:

      a.      Analysis of the Debtors' financial situation, and rendering advice to the Debtors in determining whether to file bankruptcy petitions;

      b.      Preparation and filing of voluntary petitions in bankruptcy and certain other documents that may be required; and

      c.      Representation of the Debtors at the meeting of creditors, and any adjourned hearings thereof.

5.      By agreement with the Debtors, the above-disclosed fee does not include the representation of the Debtors in adversary proceedings and other contested bankruptcy matters.

---

[1] Morgan Lewis is also counsel to seven affiliates of the Debtors, and Morgan Lewis's representation to date has included all eleven entities.  It is expected that the Debtors' seven affiliates will file bankruptcy petitions within the next thirty days.

[2] This amount covers legal services for the Debtors and their affiliates.  When allocated ratably across the Debtors and their affiliates, the amount is approximately $9,091 per Debtor or affiliate.

[3] The vast majority of this amount was for legal services unrelated to the bankruptcy cases of the Debtors or their affiliates.  Approximately $72,000 has been received for legal services rendered in contemplation of or in connection with the bankruptcy cases of the Debtors and their affiliates.

2

## CERTIFICATION

I hereby certify that the foregoing is a complete statement of any agreement or arrangement for payment to Morgan Lewis for representation of the Debtors in these bankruptcy cases.

Dated: March 5, 2020                    **MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Jody C. Barillare*
John V. Gorman (Del. Bar No. 6599)
Jody C. Barillare (Del. Bar No. 5107)
Kelsey A. Bomar (Del. Bar No. 6641)
Morgan, Lewis & Bockius LLP
The Nemours Building
1007 North Orange St., Suite 501
Tel: 302-574-3000
Fax: 302-574-3001
E-mail: john.gorman@morganlewis.com
E-mail: jody.barillare@morganlewis.com
E-mail: kelsey.bomar@morganlewis.com

```
Midtown Madison Management LLC
780 Third Avenue, 27th Floor
New York, NY 10017

Atalaya Special Opportunities Fund VII LP
780 Third Avenue, 27th Floor
New York, NY 10017

Greenlight Reinsurance, Ltd.
65 Market St., Suite 1207
Jasmine Court, Camana Bay

Greenlight Reinsurance, Ltd.
P.O. Box 31110, KY1-1205
Grand Cayman, Cayman Islands

Division of Rehabilitation and Liquidation
Attention:  Liquidator of Windhaven Insurance Company
325 John Knox Road
Atrium Building, Suite 101
Tallahassee, FL 32303
```